# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4408 | **DATE** | 2/25/2003 |
| **CASE TITLE** | Healthsouth vs. Sussman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion and order, Plaintiff's motion to compel the production of documents is granted [17-1]. Plaintiff's motion to compel deposition of Paul Sussman is granted in part and denied in part [16-1]. Discovery cut-off is extended to April 30, 2003. Status hearing set for May 6, 2003 at 9:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 6 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | G.Y. | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| cav | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEALTHSOUTH CORPORATION, a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 02 C 4408 ) |
| PAUL SUSSMAN, individually, DANIEL SVIHRA, individually, and D. SVIHRA AND ASSOCIATES, LTD., an Illinois corporation, | ) ) ) ) ) ) |
| Defendants. | ) |

FEB 2 0 2003

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff HealthSouth Corporation's Motion to Compel Production of Documents and Motion to Compel Deposition of Paul Sussman. For the reasons set forth below, the motion to compel documents is granted and the motion to compel deposition is granted in part and denied in part.

### DISCUSSION

1. Motion to Compel Documents

Plaintiff seeks to compel defendant Paul Sussman to produce documents responsive to its First Request to Produce, which was served on September 24, 2002. Sussman did not respond to the requests until three months later on December 24, 2002. At that time, he objected to several requests and indicated that he had no documents responsive to the remaining requests. Plaintiff argues that Sussman waived his objections by failing to file them by October 24, 2002 as required by Rule 34. Fed.R.Civ.P. 34 ("[t]he party upon whom the request is served shall serve a



written response within 30 days after the service of the request"); *Jones v. Ada S. McKinley Community Services*, No. 89 C 0319, 1989 WL 152352, at *4 (N.D. Ill. Nov. 28, 1989) ("[f]ailure to comply with the time limits amounts to an implied waiver of the objections"). The Court need not reach this issue, however, because Sussman's objections are without merit in any event.

Sussman objects to requests 2, 13, 14 and 15 as an improper attempt to conduct a citation to discover assets prior to judgment. Plaintiff argues that the requests are all "relevant or reasonably calculated to lead to relevant information concerning Sussman's assets in the United States, whether he is or has secreted those assets out of the United States, and whether [plaintiff] has a good faith basis to seek attachment against those assets or the Trust Funds' holdings." Pl. Reply, p. 4. This Court already declined to issue a protective order as to a third-party subpoena seeking information on Sussman's assets. *See* Order of 9/4/02. For similar reasons, the Court overrules Sussman's objections to plaintiff's document requests. Sussman is ordered to produce all responsive documents to all requests within fourteen days.

2. Motion to Compel Deposition

Plaintiff next seeks to compel defendant Paul Sussman to appear in Chicago for his deposition. Sussman states that for the past several months he has been living outside the United States and "has no immediate plans to return." Def. Mem. ¶¶1-2. He thus moves for entry of a protective order requiring the deposition to proceed overseas. He has offered to make himself available for a video conference or telephone deposition in lieu of appearing in person. *Id.* ¶¶3-4. Plaintiff argues that Sussman resides in Chicago and should be required to return here for his deposition. Plaintiff also claims that it would suffer undue burden and expense in having to

2

arrange a telephone or video conference deposition and to provide Sussman with all exhibits in advance.

"[A]n examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a difference place." *United States v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 627 (S.D. Cal. 2001) (quoting *Farquhar v. Sheldon*, 116 F.R.D. 70, 72 (E.D. Mich. 1987)). The standard for entry of a protective order is "good cause"; that is, Sussman must show that he will be subject to "annoyance, embarrassment, oppression, or undue burden or expense" if his deposition proceeds in Chicago. *Sears v. American Entertainment Group, Inc.*, No. 94 C 0165, 1995 WL 66411, at *1 (N.D. Ill. Feb. 13, 1995) (citing *Kasper v. Cooper Canada Ltd.*, 120 F.R.D. 58, 59 (N.D. Ill. 1988)).

In responding to plaintiff's interrogatories, Sussman stated that he is a citizen of the United States and that he resides in Chicago, Illinois. "As a general matter, there is a presumption that a defendant . . . shall be deposed in the district where the deponent resides." *Devlin v. Transportation Communications International Union*, Nos. 95 CIV. 0752 JFK JCF, 95 CIV. 10838 JFK JC, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000) (citing *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997)). Sussman now claims that he is living somewhere overseas. Significantly, however, he never amended his discovery responses to reflect a new place of citizenship or residency, and he does not claim that he no longer resides in Chicago. *See Viacom Inc. v. Flynn*, No. 96 C 3131, 1997 WL 97697, at *1 (N.D. Ill. Feb. 27, 1997) (quoting *Queally v. Driscoll*, No. 93 C 7829, 1996 WL 67282, at *6 (N.D. Ill. Jan. 12, 1996)) ("[a] person can have many residences . . ."). In fact, in responding to

3

plaintiff's document requests for citizenship and residency information, Sussman was only willing to provide a copy of his Illinois driver's license.

Nevertheless, Sussman submitted a letter from a psychotherapist indicating that he is being treated for severe anxiety and depression, and that he "is not in a fit state for travel for a minimum of three (3) months." Based on this representation, the Court orders Sussman to appear for his deposition by video conference. *See In re Central Gulf Lines, Inc.*, Nos. CIV. A. 97-3829, 99-1888, 1999 WL 1124789, at *1 (E.D. La. Dec. 3, 1999) (allowing video conference deposition). Sussman is ordered to cooperate fully with plaintiff in arranging the deposition, including identifying a means by which he may be placed under oath by a person located in Singapore, and arranging for electronic transmission of any documents plaintiff is unable to produce prior to the deposition. *See, e.g., Advani Enterprises, Inc. v. Underwriters at Lloyds*, No. 95 CIV. 4864 (CSH), 2000 WL 1568255, at *3 (S.D.N.Y. Oct. 19, 2000) (requiring the deponent to provide the court with a proposal for compliance with Rule 28(b), "which will include necessarily a means by which to place the deponents under oath by a person located in Egypt"); *In re Central Gulf Lines, Inc.*, 2001 WL 30675, at *1. The deposition must take place no later than April 7, 2003.

## CONCLUSION

For the reasons stated above, plaintiff's Motion to Compel Production of Documents (Docket Entry #17-1) is granted and Motion to Compel Deposition (Docket Entry #16-1) is granted in part and denied in part. Sussman is ordered to pay plaintiff's costs in bringing the Motion to Compel Production of Documents.

4

_____
NAN R. NOLAN
United States Magistrate Judge

Dated: February 25, 2003